UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

ISHUTKIN (ICHOUTKINE) KONSTANTIN, *pro se*,

                          Plaintiff,                    **MEMORANDUM AND ORDER**
                                                                                                        09-CV-3528 (DLI)

       -v-

U.S. DEPARTMENT OF HOMELAND SECURITY
IMMIGRATION AND CUSTOMS ENFORCEMENT,

                          Defendant.
----------------------------------------------------------------------x
DORA L. IRIZARRY, United States District Judge:

      Plaintiff Ishutkin Konstantin, who is currently being held on immigration charges at the Port Isabel Detention Center in Los Fresnos, Texas, filed this *pro se* action on July 20, 2009. He seeks $3,080.000 in damages. The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and, for the reasons discussed below, plaintiff is directed to amend his complaint within thirty (30) days of the entry of this Order.

## BACKGROUND

      Plaintiff Ishutkin Konstantin brings this action alleging that, on November 1, 2008, he was "mistakenly arrested by Brooklyn police." (Compl. at 1, ¶ III.) On November 2, 2008, an immigration hold was placed on plaintiff by defendant and he was held at Rikers Island from November 4, 2008 to May 8, 2009. *Id*. Plaintiff states that, on May 6, 2009, the criminal charges that were the basis for his November 1, 2008 arrest were dismissed, but, on May 8, 2009, he was transferred to an "Immigration jail in New York" by defendant. *Id*. Plaintiff further states that, on May 14, 2009, an immigration judge "did not released me from jail, and after my request gave me

1

Order for Deportation." *Id*. Plaintiff further alleges that while he was being held at Rikers Island, his wife passed away on April 1, 2009. (Compl. at 2.) Plaintiff seeks monetary damages. *Id*.

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the court is mindful that, "'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); s*ee also Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citations omitted); *McEachin v. McGuinnis*, 357 F.3d 197 (2d Cir. 2004). Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C.§ 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id*. § 1915A (b); *Liner v. Goord*, 196 F.3d 132,134, n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999).

## DISCUSSION

<u>Sovereign Immunity</u>

It is well settled that the United States and its agencies have sovereign immunity from suit and can only be sued with their consent and under whatever terms Congress may impose. *United States v. Sherwood*, 312 U.S. 584 (1941); *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004); *Randell v. United States*, 64 F.3d 101, 106 (2d Cir. 1995), *cert. denied*, 519 U.S. 815 (1996).

Therefore, because the U.S. Department of Homeland Security Immigration and Customs Enforcement is an agency of the United States, it is immune from suit.

False Arrest and False Imprisonment Claims

To the extent that plaintiff is alleging false arrest and false imprisonment pertaining to his November 1, 2008 arrest by police in Brooklyn, New York, they are considered synonymous causes of action. *Covington v. City of New York*, 171 F.3d 117, 125 (2d Cir. 1999); *Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991); *Fox v. City of New York*, 2004 WL 856299, at *4 (S.D.N.Y. Apr. 20, 2004). To establish a claim for false arrest under 42 U.S.C. § 1983, a plaintiff must show that "'the defendant intentionally confined him without his consent and without justification.'" *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996); *Wray v. City of New York*, 340 F. Supp. 2d 291, 301 (E.D.N.Y. 2004). A showing of probable cause will defeat all federal and state law claims for false arrest and imprisonment. *Escalera*, 361 F.3d at 743; *Jocks v. Tavernier*, 316 F.3d 128, 134-35 (2d Cir. 2003). The existence of probable cause is a complete defense to an action for false arrest, even where a person is ultimately acquitted. *Weyant*, 101 F.3d at 852 (citing *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)).

Moreover, it is well settled in this Circuit that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Provost v. City of Newburgh*, 262 F.3d 146, 154 (2d Cir. 2001) (citations omitted). Here, plaintiff does not name the individual defendants who allegedly violated his constitutional rights or allege how each defendant was personally involved in the denial of his constitutional rights.

**CONCLUSION**

Plaintiff's claims against the U.S. Department of Homeland Security Immigration and

Customs Enforcement are dismissed pursuant to 28 U.S.C § 1915A. To the extent plaintiff wishes to file an amended complaint to support his false arrest claim, plaintiff is hereby directed to file an amended complaint within thirty (30) days from the date of this Order, *i.e.*, on or before October 2, 2009. Plaintiff should allege how each defendant was personally involved in the events that he claims violated his rights and provide the dates and locations for each relevant event. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). If plaintiff wishes to bring claims against a defendant and does not know the name of the individual, he may identify each of them as John or Jane Doe and to the best of his ability describe each individual and the role he or she played in the alleged deprivation of plaintiff's rights. The allegations must be short, plain, and concise. Plaintiff shall also name all defendants in the caption of his complaint. Plaintiff is advised that any amended complaint he files will completely replace the original complaint. Plaintiff's amended complaint must be captioned as an "AMENDED COMPLAINT" and bear the same docket number as this Order. For the convenience of *pro se* plaintiff, a copy of "Instructions on How to File an Amended Complaint" is attached to this Order.

All further proceedings shall be stayed for thirty (30) days, until October 2, 2009, for plaintiff to comply with this Order. The court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 2, 2009

_____/s/_____
DORA L. IRIZARRY
United States District Judge