UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
ISHUTKIN (ICHOUTKINE) KONSTANTIN, *pro se*,

                Plaintiff,                              **MEMORANDUM & ORDER**
      -against-                                                  09-CV-3528 (DLI)

U.S. DEPARTMENT OF HOMELAND SECURITY
IMMIGRATION AND CUSTOMS ENFORCEMENT,
Officer JOHN DOE, Supervisory Deportation Officer
GEORGE L. FIGUEROA,

                Defendants.
---------------------------------------------------------------------X
DORA L. IRIZARRY, United States District Judge:

On July 20, 2009, plaintiff filed this *pro se* action seeking damages from the United States Department of Homeland Security, Immigration and Customs Enforcement ("DHS"). By Memorandum and Order dated September 2, 2009, the court granted plaintiff's request to proceed *in forma pauperis*, dismissed the complaint pursuant to 28 U.S.C. § 1915A(b), but granted plaintiff leave to replead. Plaintiff filed an amended complaint on September 15, 2009, and a second amended complaint ("Complaint") on October 23, 2009. For the reasons discussed below, the Complaint is dismissed in its entirety.

**BACKGROUND**

In the Complaint, plaintiff reiterates that he was arrested on November 1, 2008, "released" on November 4, 2008 by a judge, but was not discharged from Rikers Island because "ICE Officer John Doe personally decided to keep [him] in criminal jail . . . [in violation of his] constitutional rights." (Complaint at 1.) Plaintiff alleges that he remained at Rikers Island until May 8, 2009, when he "was transferred to Immigration Detention Center in New York, NY." (*Id.* At 2.) Plaintiff further alleges that, on May 14, 2009, he agreed to be deported "as a protest for [his] false imprisonment." (*Id.*) Although it is not entirely clear, it appears that plaintiff is presently detained at the Port Isabel

Detention Center, in Los Fresnos, Texas. (*Id.*) Plaintiff seeks damages of $1,080,000 for his alleged false imprisonment. (*Id.*)

**STANDARD OF REVIEW**

In reviewing plaintiff's amended pleadings, the court is mindful that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). However, pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

**DISCUSSION**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Moreover, if plaintiff is seeking damages against a federal officer, he must show that "that a defendant acted under color of federal law," (2) "to deprive plaintiff of a constitutional right." *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) (explaining elements of a *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971) ("*Bivens*") claim).

Here, plaintiff names John Doe, an unidentified officer at DHS, and George L. Figueroa, a Supervisory Deportation Officer at DHS, but does not state facts to support the contention that these defendants violated his constitutional rights, or were the individuals who actually held him in custody

in violation of his constitutional rights. Instead, the only claims against these defendants is that Figueroa issued a DHS warrant for his arrest and that Officer John Doe issued a DHS "Notice of Custody Determination." (Complaint at 1.) As presented, both the first and second amended complaints fail to properly state a claim against these defendants. As such, the Complaint is dismissed.

## CONCLUSION

For the foregoing reasons, the Complaint is dismissed in its entirety. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
 March 22, 2010

_____/S/_____
DORA L. IRIZARRY
United States District Judge